## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

## WESTERN DIVISION

**DEAN A. KOCH**                                                        Case No.
204 Norwood Avenue.
Sandusky, Ohio
44870

Plaintiff,


v.

**STATE OF OHIO**
**Department of Natural Resources,**
**Division of Wildlife**
2045 Morse Road, Bldg. G
Columbus, Ohio 43229-6693

**JAMES ZEHRINGER, Director**
**Department of Natural Resources**
**Sued in both his individual and official capacities**
2045 Morse Road,
Columbus, Ohio 43229


**SCOTT ZODY, Chief**
**Department of Natural Resources,**
**Division of Wildlife**
**Sued in both his individual and official capacities**
2045 Morse Road, Bldg. G
Columbus, Ohio 43229-6693


**RANDALL J. MEYER, Inspector General**
**Sued in both his individual and official capacities**
Rhodes State Office Tower,
30 East Broad Street, Suite 2940,

Columbus, Ohio 43215-3414

**GINO BARNA**
**OHIO WILDLIFE OFFICER, ERIE COUNTY, OHIO**
**Sued in his individual and official capacities**
305 East Shoreline Drive
Sandusky, Ohio 44870


**BRIAN BURY**
**OHIO WILDLIFE OFFICER, ERIE COUNTY, OHIO**
**Sued in his individual and official capacities**
305 East Shoreline Drive
Sandusky, Ohio 44870


**GARY MANLEY**
**OHIO WILDLIFE OFFICER, ERIE COUNTY, OHIO**
**Sued in his individual and official capacities**
305 East Shoreline Drive
Sandusky, Ohio 44870


        Defendants                       **COMPLAINT**


      Plaintiff, Dean Koch , through his attorney states as follows:

## Jurisdiction

1. This action is brought pursuant to 42 U. S. C. §§1983, 1985 and 1988 and the First and

Fourteenth Amendments to the United States Constitution, 11 U.S.C. §§362 and 1201 and, 15

U.S.C. §1692. Jurisdiction is founded on 28 U. S. C. §§1331 and 1341(3) and (4) and 1343 and

the aforementioned constitutional and statutory provisions. The declaratory and injunctive relief

sought is authorized by 28 U. S. C. §§ 2201 and 2202, 42 U.S.C. §1983 and Rule 57 Federal

Rules of Civil Procedure. Additionally, the Plaintiffs invoke this Court's supplemental

jurisdiction, pursuant to 28 U. S. C.§1367(a), of state causes of action included herein since they

are involved in the facts, law and issues of this matter.

## Parties

2. Plaintiff Dean A. Koch is a Citizen of the United States and at all times alleged herein was a

resident of Erie County. Ohio.

3. Defendant State of Ohio is a sovereign state within the United States of America and the

Department of Natural Resources, Division of Wildlife Resources (ODNR) is a department of

the State of Ohio, the Division of Wildlife Resources (ODWR) is a division of this department

which regulates and enforces, among other matters, commercial and sport fishing on Lake Erie in

the State of Ohio,

4. Defendant James Zehringer is and at all times alleged herein was the Director of the Ohio

Department of Natural Resources, and is being sued in both his official and his individual

capacities,

5.  Defendant Scott Zody is and at all times alleged herein was the Chief  of the Ohio Department of

Natural Resources, Division of Wildlife Resources, and is being sued in both his official and his

individual capacities,

6.  Defendant Gino Barna is a citizen of the United States and at all times alleged herein maintained
his place of business in Erie County, Ohio, and is being sued in both his official and his
individual capacities,

7.  Defendant Brian Bury is a Citizen of the United States and at all times alleged herein

    maintained his place of business in  Erie County. Ohio and is being sued in both his official and

    his individual capacities,

8.  Defendant  Gary Manley is a Citizen of the United States and at all times alleged herein

    maintained his place of business in Erie County. Ohio and is being sued in both his official and

    his individual capacities,

## First Cause of Action: Malicious Prosecution

9.     Plaintiff repeats paragraphs 1 through 8 as if fully rewritten herein

10. Plaintiff Dean Koch (hereinafter "Koch") is a commercial fisherman and is the owner and

    operator of White's Landing Fisheries, Inc. (hereinafter "White's Landing")  a corporation

    registered in the State of Ohio and located in Erie County, Ohio:

11. Koch was the president of the Ohio Fish Producers Association from 1974 to 2008, an

    organization representing commercial fisherman on Lake Erie,

12. Koch and the Ohio Fish Producers Association have lobbied continuously for commercial

    fisherman in Ohio on Lake Erie and have been critical of the decisions of Defendants State of

    Ohio, Ohio Department of Natural Resources("ODNR"), Division of Wildlife Resources

    (ODWR), the Ohio Wildlife Council and Defendants Barna, Bury and  Manley,

13. On March 25, 2000 Koch in his role as President of the Ohio Fish producer's Association, wrote

    to Chairperson Rose Vesper and the House Committee of Agriculture and Natural Resources

    criticizing the procedures of the Defendant ODWR that would reduce the availability of fish to

    Ohio's commercial fishermen,

14. Koch has written to Governor Kasich on September 6, 2011criticizing Defendant ODWR's process in making policy decisions aimed at reducing commercial fishing in Ohio,

15. Koch was quoted in an article by Larry S. Moore , "Storm Clouds over Lake Erie" ,also criticizing the allocation of fishing resources away from commercial fishermen.

16. Koch circulated a letter opposing House Bill 609 that was intended to end commercial fishing in Ohio,

17. From his taking the position of president of the Ohio Fish Producers Association to the present, Koch has been subject to a coordinated effort to harass him in his business and to cause him personal economic hardship, including litigation intended to harm him economically and, the deprivation of his commercial fishing license number 214,

18. Defendant State of Ohio through Defendant ODNR and Ohio Wildlife Council have initiated policies since the 1970's that are intended to suppress commercial fishing in favor of sport fishing and the increased revenues generated by sport fishing licenses,

19. The natural resources of the State of Ohio belong to all of the people of the State of Ohio, Ohio Revised Code 1531.02,

20. From June 7, 1989 through June 21, 1989, the activities of officers of the Sandusky Office of the Ohio Division of Wildlife, Fisheries Division directed against Koch were  investigated by Officer George Bauer (hereinafter "Bauer") upon a complaint by Koch,

21. Bauer found that between 1974 and 1985 Koch had been arrested 15 times by officers of the Sandusky Office and had three cases pending in 1988,

22. Bauer found that the Sandusky Office was intentionally "nickel and diming" Koch to keep him in court and cost him attorneys' fees and court costs,

23. Defendant Barna was involved in the arrests of Koch at this time, specifically for his arrest concerning the catching of walleye on May 26, 1988,

24. Bauer found that Barna had destroyed his notes on this incident and on testing the claims made by officers of the Sandusky Office, including Barna, Bauer found that their claims lacked credibility,

25. Barna acted as a guide for sport fishermen at this time, sometimes on State time,

26. Barna stated at the time that he was following orders of senior officers in conducting his guide activities,

27.  In his Summary, Bauer found that the officers, including Barna, had acted unprofessionally, had knowingly engaged in an effort to keep Koch in court and spending money with "nickel and dime" cases, and that Koch's complaint was justified,

28. After Bauer's report, Barna transferred to another district office,

29. After Bauer's report, the Chief of the Sandusky Office retired and was replaced by Kevin Ramsey,

30. Officer Stanley Fisher continued the harassment of Koch, seizing his truck and defying a court order to return it for a claimed violation involving $22.00 worth of fish until Koch filed another complaint against Ramsey in 1999 but Fisher retired before findings could be made,

31. In 2007, Defendant State of Ohio and ODNR, Division of Wildlife proposed buying-out commercial trap net fisherman for approximately 2 cents on the dollar,  Ramsey is a sport

fisherman and was instrumental in a scheme to end trap net fishing on Lake Erie, attending all meetings concerning this proposal,

32.  Koch and the Association opposed this plan, which failed,

33. Koch was informed by Frank Reynolds, another commercial fisherman, that commercial fisherman would receive an increased quota of yellow perch from the Defendants State of Ohio and ODNR if they would remove Koch from the presidency of the Ohio Fish Producers Association,

34. Koch was voted out of the presidency,

35. One year later, Senate Bill 77 passed after another president was elected and the Western Basin of Lake Erie was closed to Koch by Defendants State of Ohio and ODNR,

36. The totality of Koch's yellow perch catch was from the Western Basin under his license,

37. Also included in the legislation passed in 2008, ORC 1533.641, "Felony Revocation of Licenses", included a provision allowing the permanent revocation of commercial fishing licenses for persons who had three misdemeanor violations in 10 years,taking this jurisdiction from the courts,

38. No other commercial fisherman to Plaintiff's knowledge who were charged with misdemeanors were charged with strikable offenses due to plea agreements offered by the Defendants,

39. Koch was never offered such a plea deal,

40. In 2008, Koch was cited 42 times in four separate courts, but Koch was not convicted in any cases,

41. On appeal (decision in 2011) the State of Ohio appealed one case only and Koch was convicted of one count of  not having proper monitoring equipment, a strikable offense,

42. At this time, Defendant Barna returned as Chief of the Sandusky Office,

43. Under Barna, Koch was charged in Case Nos. CRB 14-02340 and CRB 14-02341, Sandusky Municipal Court, with one count each of inaccurate daily catch reports for the dates July 30, 2013 and August 3, 2013, respectively, and Case No. CRB 14-02342 for taking over 10%, by weight, undersized yellow perch,

44. Koch was convicted after trial of the count concerning undersized perch only, a second strikable offense,

45. Defendants Bury and  Manley arrested the Plaintiff in August, 2015 for fishing in the Western Basin,

46. The investigation of Koch's location was performed after the date he was purported to have been in the Western Basin and did not include consideration of a documented collision with a freighter moving his nets,

47. Bury and  Manley under Defendant Barna,s supervision, and State of Ohio, filed charges resulting in Huron Municipal Court Case No. CRB 1500352ABC, filed on November 10, 2015, in which Koch was charged with taking yellow perch from a restricted zone,

48. The case was dismissed by the Court on September 26, 2016,

49. The Defendant, State of Ohio, appealed this decision and the decision was reversed on May 30, 2017,

50. Koch appealed to the Ohio Supreme Court which declined jurisdiction,

51. The case was reinstated, and Koch faces trial on this matter on October 24, 2018,

52. If convicted, this would be Koch's third strike and his license would be permanently revoked although others in his position have not faced such consequences,

53. On the record in case number, CRB 1500352ABC, Huron Municipal Court, Defendants, through counsel of the Attorney General's Office, have stated, this present year, that it is their purpose to take Koch's license,

54. After a  June 13, 2014 seizure of fish from his boat, Koch complained to Defendant Barna concerning Defendants Bury and  Abele on July 31, 2014,

55. Barna wrote Koch on September 18, 2014 finding no just cause to discipline Bury,  Abele was not mentioned,

56. On June 26, 2015, Koch wrote to Defendant Zody requesting that the investigation of Bury be re-opened,

57. Defendant Zody replied on August 11, 2015 stating that Koch's complaints had not been substantiated by Defendant Barna and doing no other independent investigation of Koch' complaint,

58. On June 9, 2016, Koch's commercial fishing license was suspended for 60 days,

59.  Koch filed a complaint concerning this matter with the Ohio Inspector General alleging selective arrest and prosecution among other matters,

60. On July 15, 2016, Defendant Meyer wrote Koch stating that the Intake Committee of the Inspector General's Office determined that there was not just cause for an investigation,

61.  On July 25, 2016, Koch wrote again to Meyer requesting that he reconsider his decision,

62. On October 18, 2016, Meyer wrote Koch stating that the Intake Committee had again reviewed his complaint and found no wrong doing on the part of the agency,

63.     This arrest and prosecution of Plaintiff that commenced prior to the limitation period has maliciously and intentionally been prolonged until the present time and is being used by all Defendants to intimidate the Plaintiff, to seek retribution for the exercise of his constitutional rights to free speech and due process of law in his activities as president of the Ohio Fish Producers Association and as an individual and his demands for an investigation which were terminated without a clear explanation of the process utilized, by Defendant Meyer on behalf of all Defendants on October 18, 2016,

64.     WHEREFORE, Plaintiff demands that the Defendants be held joint and severally liable for actual damages in the amount of $35,180.00 and punitive damages in excess of $500,000.00 to be determined by the trier of fact, and appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Second Cause of Action: Deprivation of Constitutional Rights: Right to Free Speech**

65. Plaintiff repeats paragraphs 1 through 63 as if fully rewritten herein,

66. Plaintiff continues to speak publicly criticizing Defendants for their unfair allocation of Ohio's natural resources,

67. Plaintiff publicly criticized the procedures or lack thereof concerning the investigation of his arrest and prosecution  alleging to Defendant Meyer retribution and selective prosecution in Huron Case No. CRB 15000352ABC , for his previous activities as president of the Ohio Fish Producers Association and as an individual, which Defendant Meyer terminated on behalf of all Defendants to intimidate the Plaintiff from further exercise of his right to free speech and,  to seek retribution for the exercise of his constitutional right to free speech on October 18, 2016,

68.    WHEREFORE, Plaintiff demands that the Defendants be held joint and severally liable for actual damages in the amount of $35,180.00 and punitive damages in excess of $500,000.00 to be determined by the trier of fact, and appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Third Cause of Action: Deprivation of Constitutional Rights; Deprivation of Due Process of Law**

69. The Plaintiff repeats paragraphs 1 through 68 as if fully rewritten herein,

70. Plaintiff's complaint to Defendant Meyer was terminated on October 18, 2016 with no statement of the procedures utilized, the standard of review used or an opportunity for Plaintiff to be heard in any meaningful way,

71. Plaintiff was not given an opportunity to be heard by Defendant Meyer concerning his complaint,

72. Defendant Meyer's actions were performed on behalf of all Defendants to deprive the Plaintiff of due process of law,

73.    WHEREFORE, Plaintiff demands that Defendant Meyer and all Defendants be held joint and severally liable for actual damages in the amount of $35,180.00 and punitive damages in excess of $500,000.00 to be determined by the trier of fact, and appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Fourth  Cause of Action: Conspiracy for Deprivation of Constitutional Rights; Rights to Free Speech and Due Process of Law**

74.    Plaintiff repeats paragraphs 1 through 73 as if fully rewritten herein,

75.     Defendants Meyer, Zody, Barna, Bury and  Manley and the State of Ohio through its

agent the Attorney General's Office, agreed and cooperated in the utilization of Plaintiff's arrest

and continuing prosecution to deprive him of his commercial fishing license, a recognized

property right, and his income therefrom,

76.     Defendants Meyer, Zody, Barna, Bury and  Manley agreed and cooperated in the

foreclosure of Plaintiff's right to due process of law to deny him a meaningful process and

opportunity to be heard in his complaints concerning his arrest and prosecution in Huron

Municipal Court Case No. CRB 1500352ABC,

77.     All Defendants have agreed and cooperated in the continuing selective prosecution of the

Plaintiff in order to intimidate the Plaintiff, to seek retribution for the exercise of his

constitutional right to free speech for his activities as president of the Ohio Fish Producers

Association and as an individual and his demands for an investigation which were terminated

without a clear explanation of the process utilized, by Defendant Meyer on behalf of all

Defendants on October 18, 2016,

78.     WHEREFORE, Plaintiff demands that Defendants Meyer, Zody, Barna, Bury and

Manley  be held joint and severally liable for actual damages in the amount of $35,180.00 and

punitive damages in excess of $500,000.00 to be determined by the trier of fact, and appropriate

injunctive and declaratory relief, plus costs and reasonable attorney's fees for conspiracy to

deprive the Plaintiff of his due process rights in the investigation of Plaintiff's complaint to the

Inspector General's Office.

79. WHEREFORE, Plaintiff demands that Defendants Meyer, Zody, Barna, Bury,  Manley, State of

Ohio and all Defendants, be held joint and severally liable for actual damages in the amount of

$35,180.00 and punitive damages in excess of $500,000.00 to be determined by the trier of fact,

and appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees for conspiracy to deprive the Plaintiff of his Meyer retribution and selective prosecution in Huron Case No. CRB 15000352ABC , for his previous activities as president of the Ohio Fish Producers Association and as an individual, which Defendant Meyer terminated on October 18, 2016 on behalf of all Defendants to intimidate the Plaintiff from further exercise of his right to free speech and,  to seek retribution for the exercise of his constitutional right to free speech,

**Fifth Cause of Action: Civil Conspiracy**

80.  Plaintiff repeats paragraphs 1 through 79 as if fully rewritten herein,

81.  The Defendants maliciously combined and conspired to deprive the Plaintiff of his personal property as described hereinbefore placing said property in jeopardy and causing the Plaintiff both monetary expense and emotional and medical distress by committing the overt acts of malicious and selective prosecution and deprivation of due process of law in furtherance of this conspiracy to obtain both real and personal property from the Plaintiffs..

82.     WHEREFORE, Plaintiff demands that the Defendants be held joint and severally liable for actual damages in the amount of $35,180.00 and punitive damages in excess of $500,000.00 to be determined by the trier of fact, and appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees.

**Sixth Cause of Action: Failure to Supervise**

83.     Plaintiff repeats paragraphs 1 through 82 as if fully rewritten herein,

84.     Defendants State of Ohio, ODNR, ODWR,  Zehringer Meyer, Zody  and Supervisor Barna are responsible for the supervision and oversight of the employees of their respective departments and offices, specifically the Sandusky Office,

85.     Defendants Barna, Zody, and Barna initiated investigations into the actions of Defendants

Bury and  Manley as part of their supervisory roles,

86.     The investigations stated in paragraph 85 were characterized by a lack of due process

procedures and an opportunity to be heard by the Plaintiff,

87.     No remedial or disciplinary actions were taken by Defendants State of Ohio, ODNR,

ODWR, Meyer, Zody  and Supervisor Barna and instead, the malicious and selective

prosecution of Plaintiff was encouraged and supported and continues to this date,

88.   WHEREFORE, Plaintiff demands that the Defendants be held joint and severally liable for

actual damages in the amount of $35,180.00 and punitive damages in excess of $500,000.00 to

be determined by the trier of fact, and appropriate injunctive and declaratory relief, plus costs

and reasonable attorney's fees

### Seventh Cause of Action: Failure to Train

89.     Plaintiff repeats paragraphs 1 through 88 as if fully rewritten herein,

90.     Defendants State of Ohio, ODNR, ODWR,  Zehringer Meyer, Zody  and Supervisor

Barna are responsible for the training  of the employees of their respective departments and

offices, specifically the Sandusky Office,

91.     Defendants State of Ohio, ODNR, ODWR,  Zehringer Meyer, Zody  and Supervisor

Barna were on notice from the files and records and court documents and procedures applied to

Plaintiff that its employees had acted in an unprofessional manner in matters involving the

Plaintiff,

92.     To this date no remedial training has been given to the employees of the Sandusky

Office, instead, the malicious and selective prosecution of Plaintiff was encouraged and

supported by the Defendants State of Ohio, ODNR, ODWR,  Zehringer Meyer, Zody  and

Supervisor Barna and continues to this date

93.     WHEREFORE, Plaintiff demands that the Defendants be held joint and severally liable

for actual damages in the amount of $35,180.00 and punitive damages in excess of $500,000.00

to be determined by the trier of fact, and appropriate injunctive and declaratory relief, plus costs

and reasonable attorney's fees

Respectfully submitted,

s/ George A. Katchmer Attorney
at Law (0005031) 1886 Brock
Road N. E.
Bloomingburg, Ohio 43106
(740) 437-6071
(740) 437-6071 Facsimile