# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| DEAN A. KOCH, | : | |
| | : | |
| Plaintiff | : | Case No. 3:18-cv-2287 |
| | : | |
| v. | : | Judge Jeffrey J. Helmick |
| | : | |
| STATE OF OHIO, et al, | : | Magistrate Judge James R. Knepp |
| | : | |
| Defendants. | : | |

## DEFENDANT RANDALL J. MEYER'S MOTION TO DISMISS

Plaintiff Dean A. Koch brings a federal lawsuit against Ohio Inspector General Randall J. Meyer, seeking monetary damages and injunctive relief for the Inspector General's failure to investigate alleged malfeasance at the Ohio Department of Natural Resources. But Plaintiff fails to state a cognizable federal claim against the Inspector General, and even if he had, the Inspector General's Eleventh Amendment immunity from suit bars this action. A memorandum in support of the motion is attached.

Respectfully submitted,

MICHAEL DeWINE
Ohio Attorney General

*/s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH (0082129)
ANN YACKSHAW (0090623)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
T: (614) 466-2872 | F: (614) 728-7592
nicole.koppitch@ohioattorneygeneral.gov
ann.yackshaw@ohioattorneygeneral.gov

*Counsel for Defendant Randall J. Meyer, Inspector General*

ii

**MEMORANDUM OF LAW**

Defendant Ohio Inspector General Randall J. Meyer has discretion under Ohio law to investigate state agencies and employees for wrongdoing if he determines that reasonable cause exists to do so. Plaintiff Dean Koch submitted a complaint to the Inspector General, and after review, the Inspector General exercised that discretion in determining that the complaint failed to justify an investigation. In this action, Koch claims that the Inspector General's use of discretion violated various state and constitutional rights and demands money damages and injunctive relief against the Inspector General. But Koch cannot maintain a claim against the Inspector General based on his discretionary refusal to investigate. First, the Inspector General is immune from such suits under the Eleventh Amendment. Second, the complaint fails to state any claim for relief against him. All claims against the Inspector General must be dismissed.

**I. FACTUAL BACKGROUND**

Plaintiff alleges that that various Ohio Department of Natural Resources (ODNR) officials engaged in a decades-long campaign against him. Plaintiff, a commercial fisherman, owns and operates White's Landing Fisheries, Inc. in Erie County. Doc. No. 1 at ¶ 10. He also served as the president of the Ohio Fish Producers Association from 1974 until 2008, where he lobbied the ODNR on behalf of commercial fisheries. Doc. No. 1 at ¶¶ 11-12. During his tenure, Koch frequently criticized state fishing laws and ODNR's commercial-fishing policies. Doc. No. 1 at ¶¶ 13-18.

As a result of his advocacy, Koch claims that the ODNR, its Division of Wildlife, and various Division of Wildlife officers repeatedly arrested him with the goal of "'nickel and diming' Koch to keep him in court and cost him attorneys' fees and court costs." Doc. No. 1 at ¶ 22. Koch alleges that this harassment lasted decades.

1

Eventually, the members of the Ohio Fish Producers Association voted Koch out of the presidency. Around the same time, the Ohio legislature enacted a bill restricting commercial fisheries from fishing in the Western Basin of Lake Erie, where Koch alleges he obtained "[t]he totality of [his] yellow perch catch." Doc. No. 1 at ¶¶ 35-36. Contemporaneously with the Western Basin restriction, the Ohio legislature passed new fishing penalties, including a provision allowing the permanent revocation of commercial-fishing licenses for persons with three commercial-fishing misdemeanors over a ten-year period. Doc. No. 1 at ¶ 37 (citing Ohio Rev. Code § 1533.641).

After this raft of legislation, Koch alleges that he "was cited 42 times in four separate counts." Doc. No. 1 at ¶ 40. Ultimately, Koch sustained two convictions: (1) not having proper monitoring equipment and (2) taking over 10%, by weight, undersized perch. Doc. No. 1 at ¶¶ 41, 44. He now faces a third conviction. After an arrest for taking yellow perch from a restricted zone, Koch stood trial on October 24, 2018. Doc. No. 1 at ¶¶ 47-53. The Huron Municipal Court's docket reveals that closing arguments will be submitted on November 15, 2018. If convicted, Koch contends that he will lose his commercial-fishing license under the three-strike law. Doc. No. 1 at ¶ 52.

After his arrest for taking yellow perch from a restricted zone and facing the revocation of his license, Koch filed a complaint with Ohio Inspector General Randall J. Meyer, alleging selective enforcement by ODNR's Division of Wildlife and various Division of Wildlife officials. *See* Report of Wrongful Act or Omission by State Agency or Employee, Ex. A. The Inspector General has jurisdiction to investigate state agencies and the state officers and employees of state agencies for potential wrongdoing. Ohio Rev. Code § 121.42(A)-(B). After consideration, the Inspector General's Office found no just cause for an investigation. *See*

Response to Complaint, Ex. B.  When Koch wrote to the office to request reconsideration, the Inspector General obliged.  *See* Request for Reconsideration, Ex. C.  Ultimately, however, the Inspector General adhered to his initial decision not to investigate.  *See* Response to Request for Reconsideration, Ex. D.

Plaintiff then brought this seven-count lawsuit against the State of Ohio, the Director of ODNR, the director of ODNR's Division of Wildlife, three Division of Wildlife officers, and the Inspector General.  Koch alleges that the Inspector General (1) maliciously prosecuted him, (2) violated his First Amendment rights, (3) denied him due process, (4) conspired to violate his First Amendment rights and deny him due process, (5) engaged in a civil conspiracy against him, (6) failed to supervise his employees, and (7) failed to train his employees.  Because Koch's claims against the Inspector General lack merit, the Inspector General brings this motion to dismiss.

## II. LAW AND ARGUMENT

### A. Standard of Review

Defendants bring this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014).  The plaintiff bears the burden of demonstrating that jurisdiction exists. *Id*. at 760.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal based on failure to state a claim.  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharms., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs." *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463-64 (6th Cir. 2013).

The Court need not accept "legal conclusions or unwarranted factual inferences"; and "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted); *Doe v. Cummins*, 662 F. App'x 437, 454 (6th Cir. 2016) ("While it is true that, in considering a motion to dismiss, all well-pleaded factual allegations must be taken as true, a court need not indulge in unreasonable inference."). A complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell*, 550 U.S. at 555.

### B. The Eleventh Amendment

The Eleventh Amendment bars the relief sought against the Inspector General in this case. That amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. When a private citizen attempts to sue the state, the Eleventh Amendment largely bars federal courts from assuming jurisdiction over that lawsuit. *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000).

Here, the Eleventh Amendment acts as a bar to Plaintiff's claims in two ways. First, the Eleventh Amendment completely bars the state-law claims Plaintiff asserts against the Inspector General, a state official. Second, the Eleventh Amendment forecloses monetary relief against the Inspector General on Plaintiff's federal causes of action.

4

### a. The Eleventh Amendment forecloses relief against state officials in federal court on state-law claims.

The Eleventh Amendment bars Koch's purely state-law claims against the Inspector General: malicious prosecution and civil conspiracy.

A plaintiff cannot maintain a federal action against a state official for violations of state law. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). This immunity extends to actions for money damages against state officials acting in their official capacity, as such suits are, in effect, "suit[s] against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, a federal court "cannot entertain a lawsuit against state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment." *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456-57 (6th Cir. 1998). Ohio has not waived that immunity, and Ohio officials cannot be sued in federal court for state-law violations. *Id.*; *see also* Ohio Rev. Code § 2743.02(A)(3).

Plaintiff cannot escape Eleventh Amendment immunity through clever crafting of the complaint. Suits against state officials seeking prospective *or* retroactive relief under state law are barred. *See Otte v. Kasich*, 709 F. App'x 779, 783 (6th Cir. 2017). Nor does Plaintiff's naming the Inspector General in his individual and official capacities dictate a different result. *See id.* (dismissing state-law claims against a state officials sued in their individual capacities). This Court simply lacks jurisdiction over any state-law claims against the Inspector General. At bottom, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result

5

conflicts directly with the principles of federalism that underlie the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

Here, Plaintiff asserts two state-law claims against the Inspector General: (1) malicious prosecution and (2) civil conspiracy.[1] The Inspector General is immune to any suit on these state-law claims—whether for monetary damages or injunctive relief—in federal court, and these claims must be dismissed.

### b. The Eleventh Amendment forbids Koch from seeking monetary damages on his federal-law claims.

Koch is left with his federal claims against the Inspector General, but these, too, lack merit. First, any claim against Koch in his official capacity cannot proceed. "It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages." *Turker*, 157 F.3d at 456. Thus, any claim for money damages against the Inspector General in his official capacity fails.

Second, Koch is entitled to qualified immunity on the federal claims brought against him in his individual capacity. As set forth more fully below, the Inspector General has discretion to determine whether to conduct an investigation. *Sizemore v. Hissom*, No. 2:12-cv-1166, 2013 U.S. Dist. LEXIS 62880, at *25 (S.D. Ohio May 2, 2013). "For that discretionary determination, soundly within the scope of his official capacity, [the Inspector General] is entitled to qualified immunity." *Id*. When the Inspector General performs "discretionary functions," qualified immunity shields him from "liability for civil damages insofar as [his] conduct does not violate

---

[1] Plaintiff fails to articulate the source of his claims for failure to supervise and failure to train. These claims appear to arise under federal law. *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 698 (6th Cir. 2018) (noting that the plaintiff's failure-to-train and failure-to-supervise claims arose under federal law prohibiting customs, policies, and practices that result in the deprivation of constitutional rights (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978))). If, however, Plaintiff intended to assert state-law claims for failure to supervise and failure to train, the Eleventh Amendment would dictate dismissal for the reasons set forth above.

clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Qualified immunity bars the claims against the Inspector General here. Under similar facts, a district court in the Southern District of Ohio held that the Inspector General was entitled to qualified immunity for his refusal to investigate the plaintiff's complaint. *Sizemore*, 2013 U.S. Dist. LEXIS 62880, at *25. The court noted that "it is not apparent how, by declining to take the investigative and prosecutorial actions urged by the plaintiff, [the Inspector General] could have violated any federal right." *Id*. The same result should attach here. The Inspector General is entitled to qualified immunity for declining to investigate Plaintiff's complaint. Plaintiff's federal claims against the Inspector General should be dismissed.

### C. Plaintiff fails to state any claim for relief.

Immunity aside, Plaintiff's federal claims fail to state any claim for relief and should also be dismissed on that basis. Plaintiff asserts five federal claims: (1) deprivation of his right to free speech, (2) deprivation of due process, (3) conspiracy to deprive him of his right to free speech and due process, (4) failure to train, and (5) failure to supervise. All of the claims fail because Plaintiff does not articulate any unlawful action by the Inspector General. The final two claims fail for the additional reason that Plaintiff neglected to plead a single fact supporting them.

#### a. The Inspector General's actions were lawful.

Simply put, the Inspector General has no duty to open an investigation upon demand. Nor does Plaintiff have any right, constitutional or otherwise, to demand an investigation. Because all of Plaintiff's federal claims accuse the Inspector General of refusing to open an investigation in violation of Plaintiff's constitutional rights, all of Plaintiff's federal claims fail as a matter of law.

7

Ohio law sets forth the duties and responsibilities of the Inspector General. In addition to investigating the management and operation of state agencies "on his own initiative," the Inspector General must receive complaints of wrongdoing from the general public. The statute requires the Inspector General to:

> Receive complaints under section 121.46 of the Revised Code alleging wrongful acts and omissions, determine whether the information contained in those complaints allege facts that give reasonable cause to investigate, and, if so, investigate to determine if there is reasonable cause to believe that the alleged wrongful act or omission has been committed or is being committed by a state officer or state employee.

Ohio Rev. Code § 121.42(B). If the Inspector General conducts an investigation after receiving a complaint, he must "[p]repare a detailed report," including the basis for the investigation, actions taken by the Inspector General to investigate, and the outcome of the investigation. Ohio Rev. Code § 121.42(E).

The statute affords the Inspector General discretion to determine whether a complaint gives reasonable cause to investigate. *Sizemore v. Hissom*, No. 2:12-cv-1166, 2013 U.S. Dist. LEXIS 62880, at *25 (S.D. Ohio May 2, 2013) ("It was within [the Inspector General's] discretion to determine whether an investigation was warranted . . . ."). It does not require the Inspector General to initiate an investigation upon the receipt of every complaint. Nor does the statute require the Inspector General to explain why he chose not to investigate based on a complaint. Nothing in the statute requires the Inspector General to compile a report, to articulate his reasons, or to provide any other type of explanation if he determines that a complaint lacks reasonable cause to justify an investigation. The statute requires a written report only when the Inspector General actually investigates a complaint of wrongdoing. Nothing in Ohio's statutory scheme bestows upon Plaintiff the rights he claims in his complaint.

Nor does Plaintiff have a *constitutional* right to demand that the Inspector General open an investigation into the conduct of ODNR, the Division of Wildlife, or those agencies' officials. "The law is clear that a private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime." *Scuba v. Wilkinson*, No. 1:06-cv-160, 2006 U.S. Dist. LEXIS 101660, at *12 (S.D. Ohio July 25, 2006); *see also Storey v. Schofield*, No. 14-1098, 2016 U.S. Dist. LEXIS 47499, at *33-34 (W.D. Tenn. Apr. 8, 2016) ("The Constitution does not compel government officials to investigate complaints by citizens."). Because the Inspector General "does not owe" a duty to investigate to "any one member of the public," no "one member of the public has a right to compel [the Inspector General] to act." *Id.* (quoting *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992)). In *Scuba*, a district court explicitly applied this reasoning to the Inspector General, finding that the Inspector General's refusal to open an investigation after receiving plaintiff's complaint affected none of the plaintiff's constitutional rights. *Id.* at *14-15; *see also Sizemore*, 2013 U.S. Dist. LEXIS 62880, at *26 ("[I]t is not apparent how, by declining to take the investigative and prosecutorial actions urged by the plaintiff, [the Inspector General] could have violated any federal right.").

Reviewing the complaint reveals that Plaintiff's federal claims all center on the Inspector General's unwillingness to open the investigation Plaintiff demanded, an action that falls squarely within the Inspector General's discretion. Plaintiff states that he submitted a complaint to the Inspector General, but the Inspector General "terminated" his complaint and failed to take any action against the named parties. Doc. No. 1 at ¶ 67 ("Plaintiff publicly criticized the procedures or lack thereof concerning the investigation of his arrest and prosecution alleging to Defendant Meyer retribution and selection prosecution . . . , which Defendant Meyer terminated on behalf of all Defendants to intimidate the Plaintiff from further exercise of his right to free

9

speech . . . ."); ¶ 70 ("Plaintiff's complaint to Defendant Meyer was terminated on October 18, 2016 with no statement of the procedures utilized, the standard of review used or an opportunity for Plaintiff to be heard in any meaningful way."); ¶ 77 ("All Defendants have agreed and cooperated in the continuing selective prosecution of the Plaintiff in order to intimidate the Plaintiff . . . and his demands for an investigation which were terminated without a clear explanation of the process utilized, by Defendant Meyer on behalf of all Defendants on October 18, 2016."). But, as set forth above, the Inspector General has no duty to conduct investigations at Plaintiff's whim, and his refusal to do so is lawful. Plaintiff cannot base his constitutional claims on the Inspector General's lawful actions.

      **b.    Plaintiff pleads no facts supporting his failure-to-train and failure-to-supervise claims.**

The Court should dismiss the failure-to-train and failure-to-supervise claims for the additional reason that Plaintiff fails to plead a single fact showing that the Inspector General failed to train or supervise his employees. A federal claim[2] for failure to train or failure to supervise requires Plaintiff to plead: (1) a clear and persistent pattern of illegal activity, (2) which the defendant knew or should have known about, (3) yet remained deliberately indifferent about, and (4) that the defendant's custom was the cause of the deprivation of Koch's constitutional rights. *Osberry v. Slusher*, 2018 U.S. App. LEXIS 25941, at *27-28 (6th Cir. Sept. 13, 2018). In other words, the defendant must ignore a "clear and persistent pattern of misconduct that should have prompted corrective training." *Id*. (quoting *Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016)).

Further, Plaintiff must plead *facts* showing that the Inspector General knew about and ignored the pattern of misconduct. Conclusory allegations do not suffice. *See, e.g.*, *Newton v.*

---

[2] To the extent Plaintiff intends the failure-to-supervise or failure-to-train claims to be state-law claims, they are barred by the Eleventh Amendment.

10

*Ellis*, 2018 U.S. Dist. LEXIS 71228, at *19-20 (N.D. Ohio Apr. 27, 2018) (dismissing failure-to-train claim against defendants when plaintiff "makes only conclusory allegations that they had any knowledge" of illegal actions); *Mahon v. Diaz*, 2015 U.S. Dist. LEXIS 193837, at n.8 (S.D.N.Y. Dec. 15, 2015) (dismissing municipal-liability claims when plaintiff "alleges no facts showing the City of New York's failure to train or supervise its employees" but instead makes allegations about the acts of another entity's employees); *Bastuk v. Cnty. of Monroe*, 2013 U.S. Dist. LEXIS 164567, at *19 (W.D.N.Y. Nov. 19, 2013) ("Plaintiff's conclusory allegations that [Defendant] has failed to train its police officers do not constitute facts which demonstrate that the need for training was obvious such as there were proof of repeated complaints of similar civil rights violations followed by no meaningful attempt . . . to investigate or to forestall such incidents.").

Here, Plaintiff offers no allegations that the Inspector General permitted a clear and persistent pattern of misconduct in his office. In fact, Plaintiff does not allege that the Inspector General knew of or permitted *any* instances of prior unconstitutional conduct. *See D'Ambrosio v. Marino*, 747 F.3d 378, 388 (6th Cir. 2014) (dismissing a complaint that included just three prior instances of misconduct by the defendant's employees). Plaintiff complains about selective enforcement and prosecution, but he never alleges that the Inspector General or his office prosecuted—or had the authority to prosecute—Plaintiff.

Instead, Plaintiff focuses on the failure to train ODNR officials at the Sandusky office, leading to those officials' repeated prosecutions of Plaintiff. Because the only pattern or practice of misconduct Plaintiff alleges came from ODNR and the Division of Wildlife, not the Inspector General, Plaintiff cannot maintain a failure-to-train or failure-to-supervise claim against the Inspector General. *See Mahon*, 2015 U.S. Dist. LEXIS 193837, at n.8 (dismissing failure-to-

11

train claims when plaintiff made allegations only about the acts of other entities). These claims cannot survive a motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, the Inspector General respectfully asks this Court to dismiss Koch's complaint with prejudice.

                Respectfully submitted,

                MICHAEL DeWINE
                Ohio Attorney General

                */s/ Nicole M. Koppitch*
                NICOLE M. KOPPITCH (0082129)
                ANN YACKSHAW (0090623)
                Assistant Attorney General
                Constitutional Offices Section
                30 East Broad Street, 16th Floor
                Columbus, Ohio 43215
                T: (614) 466-2872; F: (614) 728-7592
                nicole.koppitch@ohioattorneygeneral.gov
                ann.yackshaw@ohioattorneygeneral.gov

                *Counsel for Defendant*
                *Randell Meyer, Inspector General*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Motion to Dismiss* was electronically filed with the U.S. District Court for the Northern District of Ohio on November 20, 2018, and copies were served upon all counsel of record by means of the Court's electronic filing system.

*/s/ Nicole M. Koppitch*
NICOLE M. KOPPITCH
Assistant Attorney General